# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
GLORIA BONNER,

                         Plaintiff,                    **VERIFIED BILL OF**
                                                                   **PARTICULARS**

   - against -                           Index No.: 512299/2019

HYDER ABBAS, YEFIM URMAN and
A&R GOLDEN EXPRESS INC,

                        Defendants.
-------------------------------------------------------------------X

      PLEASE TAKE NOTICE, that the Plaintiff, by her attorneys, ROBERT A. FLASTER, P.C., upon information and belief, submits the following as and for her Verified Bill of Particulars in response to the demand for same by defendant HYDER ABBAS:

1.     Plaintiff's name - Gloria Bonner.

      Plaintiff's age - 59.

      Plaintiff's address - 2832 West 23rd Street, Brooklyn, New York 11224.

      Plaintiff's year of birth - 1960.

      Plaintiff's place of birth - Objection. Improper demand for a bill of Particulars.

The demand for plaintiff's social security number is improper. Disclosing plaintiff's Social Security Number in the course of litigation necessarily makes that information public, it is impermissible pursuant to New York State General Business Law § 899-aa, 5 U.S.C.§ 552 [b][6] and the Federal Privacy Act of 1974 (Public Law-93-579) § 7. to do so has been held to be "an unwarranted invasion of privacy" See, Norwood v. FAA, 993 F.2d 570; International Brotherhood of Electric Workers v. U.S. Dept. of Housing and Urban Development, 852 F. 2d 87; Bibeau v. Cantiague Figure Skating Club, Inc., 294 A.D.2d

525, 742 N.Y.S.2d 864 (2nd Dep't., 2002); Seelig v. Sielaff, 201 A.D.2d 298, 607 N.Y.S.2d 300 (1st Dep't., 1994).

Moreover, in light of GBL 399-dd and Public Officers Law 96-a which prohibit the disclosure of any document bearing a person's social security number on a document that may become subject to review by the general public, said request is improper.

2. The incident complained of occurred on July 10, 2018 at approximately 11:00 a.m.

3. The incident complained of occurred on West 17th Street at or near its intersection with Mermaid Avenue, County of Kings, City and State of New York.

4. The defendants, their agents, servants and/or employees negligently, recklessly and carelessly committed the following acts and omissions, among others: in failing to properly own, operate, manage, maintain and control their vehicles; in improperly operating, managing, maintaining, controlling, servicing and repairing the aforesaid motor vehicles; in failing and omitting to have and maintain the aforesaid motor vehicles in a proper condition and in a proper state of repair; in failing to keep and maintain the braking and steering mechanisms of said vehicles in a proper state of repair; in causing, allowing and permitting said motor vehicles to be operated by persons who were inept, incompetent, inexperienced, unfit and unskilled to operate said motor vehicles; at the time and place aforesaid, allowing their vehicles to be entered on the roadway; the defendant owners are liable for the injuries caused by the negligence of the defendant operators, pursuant to the Rules of the Road, New York State Vehicle and Traffic Law, section 388; defendant owners are further negligent and culpable in that they entrusted their vehicles to persons who were incapable of keeping said motor vehicles under safe and proper conditions; in allowing said motor vehicles to be operated without due regard for the safety of others; in

causing, permitting and allowing said vehicles to be operated in such a negligent manner as to precipitate the efforts of accident; in failing and omitting to have and maintain the aforesaid motor vehicles in a proper condition and in a proper state of repair; in failing to keep and maintain the braking and steering mechanisms of said vehicles in a proper state of repair; in failing to look; in failing to see; in failing to look in the direction in which the vehicles were proceeding; in failing to approach an intersection in a safe and proper manner; in failing to stop for a stop sign; in failing to warn of approach by bell, lights, horn, siren or otherwise; in failing and omitting to have said motor vehicles under proper and reasonable control; in allowing said motor vehicles to be operated without due regard for the safety of others; in failing to keep and maintain the windshield and windshield wipers of said vehicles in a proper state of repair; in failing and omitting to keep and maintain a proper lookout and to be reasonably alert; in striking each other's vehicles; in causing, allowing and permitting said motor vehicles to be operated at excessive rates of speed and/or at a greater rate of speed than due care and caution would permit under the circumstances then and there existing; in failing and omitting to provide and/or make prompt and timely use of braking and steering mechanisms; in failing to have the braking mechanisms adequately inspected; in failing to have the steering mechanism adequately inspected; in failing to take necessary safety precautions; in failing to keep the aforesaid motor vehicles under sufficient control so that life and limb of persons, and in particular the Plaintiffs herein, lawfully passengers within a motor vehicle upon the roadway, would not be endangered; in violating the pertinent codes, rules, regulations, ordinances, promulgations and statutes of the City and State of New York; in failing to observe and/or properly respond and stop for traffic controls and a red traffic control signal then and there

existing; in failing to stop for a red traffic control signal; in failing to take heed of weather and road conditions; in failing to observe and/or properly respond to weather and road conditions; in causing, allowing and permitting the aforesaid motor vehicles to strike each other thereby causing a menace and hazard to exist thus precipitating the occurrence complained of, although due care and caution on the part of the Defendants would have avoided same; in losing control of their motor vehicles; in failing to keep a reasonable distance from other motor vehicles on the roadway; in failing to heed the right of way; in failing to obey traffic control devices; in failing to observe and/or timely observe the other vehicle; in failing to provide and equip said motor vehicles with adequate, proper and sufficient parts, accessories, safety devices and other equipment; in failing to inspect, maintain and repair the aforesaid motor vehicles reasonably and properly; in failing to keep said motor vehicles in a safe and proper working order; in allowing said motor vehicles to be operated without due regard for the safety of others; in failing to be cognizant of and heed other vehicles upon the roadway/highway; in failing to stop for a red light in a safe, proper and timely manner; in failing to obey traffic control devices; in failing to yield to a vehicle already in the intersection; in causing and allowing the defendants' motor vehicles to strike and collide with each other, causing the plaintiffs to be severely and permanently injured.

5. Objection. Improper demand for a Bill of Particulars pursuant to CPLR § 3043.

6. Plaintiff claims the violations of the codes, rules, regulations, statutes, promulgations and ordinances of the State of New York and of the Vehicle and Traffic Law of which the Court will take judicial notice at the trial of this action, including, but not limited to Vehicle & Traffic Law Sections 388, 1100 - 1253.

7. As a result of the incident complained of, Plaintiff has been informed and verily does believe that he has sustained the following injuries, which have all been caused, aggravated, exacerbated, accelerated and/or precipitated by the negligence of the defendants herein:

- RIGHT SHOULDER LABRAL TEAR, PARTIAL THICKNESS ROTATOR CUFF TEAR REQUIRING ARTHROSCOPIC INTERVENTION DEBRIDEMENT SYNOVECTOMY, BURSECTOMY AND SUBACROMIAL DECOMPRESSION AS PERFORMED BY DR. KEVIN WRIGHT ON NOVEMBER 26, 2018, WITH RESULTANT SURGICAL SCARRING;
- RIGHT WRIST SCAPHOLUNATE LIGAMENT TEAR AND TFC TEAR REQUIRING ARTHROSCOPIC INTERVENTION, DEBRIDEMENT, SYNOVETOMY WITHRESULTANT SURGICAL SCARRING AS PERFORMED BY DR. KEVIN WRIGHT ON OCTOBER 8, 2018;
- ACUTE RIGHT C5-C7 RADICULOPATHY, CONFIRMED BY NEEDLE EMG;
- ACUTE RIGHT L5-S1 RADICULOPATHY, CONFIRMED BY NEEDLE EMG;
- L4-L5 DISC HERNIATION ABUTTING THE RIGHT L4 NERVE ROOT, CONFIRMED BY MRI;
- L5-S1 DISC HERNIATION IMPINGING UPON THE RIGHT S1 NERVE ROOT, CONFIRMED BY MRI;
- C4-C7 DISC HERNIATIONS AND C3-C4 BULGE, CONFIRMED BY MRI;
- RIGHT SHOULDER DERANGEMENT;
- RIGHT WRIST DERANGEMENT;
- CERVICAL STRAIN AND SPRAIN;

- LUMBAR STRAIN AND SPRAIN;

- EXACERBATION OF PREEXISTING ASYMPTOMATIC CONDITIONS DUE TO THE NORMAL AGING PROCESS;

In addition thereto, plaintiff sustained injuries to the skin, bones, muscles, tendons, ligaments, soft tissue, connective tissue, cartilage, ligaments, blood vessels, nerve systems, nerve endings and nerve centers of the affected areas of the body causing pain, loss of motion, disability, discomfort, impairment, impediments, limitations of functions of the affected areas of the body and an aggravation, precipitation, exacerbation and/or activation of a pre-existing, underlying, dormant, quiescent and/or latent asymptomatic degenerative, arthritic, circulatory, arterial, venous and/or systemic condition or disease. Additionally, in the event that the injuries to the plaintiff were superimposed upon any pre-existing conditions which may have contributed to the extent and severity of the claimed injuries and rendered plaintiff more prone or susceptible to further injury, including the natural aging process that made plaintiff more susceptible to the injuries sustained, then such pre-existing conditions or susceptibility, if any, were aggravated, activated, precipitated, accelerated and acted upon by the injuries sustained by plaintiff in the subject occurrence. Upon information and belief, all of the above noted injuries, their residuals and sequallae are permanent, chronic and progressive in nature and will tend to worsen over the lifetime of the plaintiff necessitating future surgery, physical therapy, pharmacotherapy and treatment. Additionally, with advancing years there will be naturally and medically related complications and exacerbations as well as further psychological and somatic overlay with resultant disabilities. Furthermore, the injuries claimed herein will cause future pain and suffering, associated and concomitant impairment and negative effects upon the plaintiff

with respect to the affected areas of the body enumerated in this Bill of Particulars as well as limitation, diminution and/or effect of functions in which plaintiff engaged prior to the underlying accident with respect to the affected areas of the body enumerated in this Bill of Particulars. Plaintiff incorporates by reference each and every symptom, complaint, treatment, diagnosis, prescription, order, test result and finding contained in the medical records and reports for which authorizations will be furnished, with the same force and effect as if more fully set forth at length herein. Plaintiff specifically reserves the right to supplement the within and to prove all future consequences, competent sequellae as associated with such injuries as well as further additional damages arising out of the foregoing acts of negligence as additional and further information becomes available and new and/or additional injuries develop, become manifest and/or additional procedures are necessitated pursuant to the CPLR and other applicable laws, rules and statutes.

In addition to the foregoing, the plaintiff sustained multiple other injuries, sprains, contusions and abrasions of the arms, legs, back, body and his brain.

As a further result of the aforesaid injuries, the plaintiff suffered from and continues to suffer from limitation of motion, pain, swelling, tenderness, impairment of function involving skin, bones, muscles, cartilage, ligaments, tendons, joints, blood vessels, lymphatic system, nerves and each and every tissue of the affected and surrounding areas. In addition the plaintiff will require additional intensive and extensive surgical repair, care and treatment with repetitive surgery in an attempt to relieve the aforementioned conditions.

Plaintiff believes all injuries and residual injuries sustained are permanent, with the exception of some of the bruises that have cleared up.

In addition to the foregoing, the plaintiff reserves the right to prove upon the trial of this action any and all sequellae resulting from the aforesaid injuries.

In addition, the plaintiff reserves the right to serve a supplemental Bill of Particulars upon receipt of further information.

The Plaintiff sustained a serious injury by sustaining a permanent consequential limitation of use of a body organ or member; a significant limitation or use of a body function or system; a medically determined injury or impairment of a non-permanent nature which prevents the Plaintiff from performing substantially all of the natural acts which constitute the Plaintiff's customary daily activities for no less than 90 days during the 180 days immediately following the Plaintiff's accident.

Plaintiff has sustained a loss in excess of the basic loss as defined by §5102 (a) of the Insurance Law of the State of New York including but not limited to all necessary expenses incurred for medical, hospital, surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; psychiatric, physical and occupational therapy and rehabilitation; any other professional health services; and all other reasonable and necessary expenses incurred.

8. Plaintiff received treatment at Coney Island Hospital Center Emergency Department, 2601 Ocean Parkway, Brooklyn, New York 11235, on the day of the accident complained of.

9. Following the accident - plaintiff was confined to bed approximately 2 weeks and intermittently thereafter; following the right wrist surgery - plaintiff was confined to bed approximately 3 weeks and intermittently thereafter; following the right shoulder surgery - plaintiff was confined to bed approximately three weeks and intermittently thereafter.

Following the accident - plaintiff was confined to home approximately 2 weeks and

intermittently thereafter; following the right wrist surgery - plaintiff was confined to home approximately 3 weeks and intermittently thereafter; following the right shoulder surgery - plaintiff was confined to home approximately three weeks and intermittently thereafter.

10. Plaintiff was incapacitated from household duties from the date of the accident to date.

11. Total amounts claimed for special damages:

a - hospital - $50,000.00 for past treatment; $1,500,000.00 for future treatment and continuing.

b - doctors - See "a" above.

c - medicine or medical supplies - See "a" above.

d - nurses services - See "a" above.

f - X-ray or MRI expenses - See "a" above.

g - Chiropractor expenses - See "a" above.

e - Other items of special damages - to be provided, if applicable.

12. Not applicable.

13. Collateral source - the no fault insurance carrier is American Transit Insurance Company, One MetroTech Center, Brooklyn, New York 11201; Claim number 1034092-03.

14. See "7" above.

15. See "7" above.

16. See "4" above.

17. Objection. Improper demand for a Bill of Particulars pursuant to CPLR § 3043.

18. Objection. Improper demand for a Bill of Particulars pursuant to CPLR § 3043.

19. Objection. Improper demand for a Bill of Particulars pursuant to CPLR § 3043.

20. Objection. Improper demand for a Bill of Particulars pursuant to CPLR § 3043.

Dated: New York, New York
August 14, 2019

Yours, etc.

By: _____
ROBERT A. FLASTER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1201
New York, New York 10007
212.349.6000

TO:

MARONEY O'CONNOR LLP
Attorneys for Defendant
HYDER ABBAS
11 Broadway, Suite 831
New York, New York 10004
212.509.2009
File No. 2019A7933

CC:

BAKER, McEVOY, MORRISSEY & MOSKOVITS, PC
Attorneys for Defendants
A&R GOLDEN EXPRESS INC. and YEFIM URMAN
One MetroTech Center, 8th Floor
Brooklyn, New York 11201
212.857.8230
File No. 1034092

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK   )
                    )   ss.:
COUNTY OF NEW YORK  )

JONATHAN A. FIER, an attorney duly admitted to practice law before the Courts of the State of New York hereby affirms the following under penalty of perjury:

That I am an associate of the Law Firm of ROBERT A. FLASTER, P.C., the attorneys for the plaintiff herein.

That I have read the foregoing **VERIFIED BILL OF PARTICULARS** and know the contents thereof. That the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Your Affirmant further says that the source of my information and the grounds of my belief are all the correspondence had with the said plaintiff(s) and reports of investigation caused to be made by the plaintiff(s) which are now in Affirmant's possession and other pertinent data relating thereto.

Your Affirmant further says that the reason why this Verification is made by Affirmant and not by the said plaintiff(s) is that said plaintiff(s) does not reside within the County of New York, the County wherein Affirmant has his office.

Dated: New York, New York
       August 19, 2019

                                              _____
                                              JONATHAN A. FIER